UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR05-569 PJH (BZ) |
| ) | |
| v. ) | **DETENTION ORDER** |
| ) | |
| LARRY LLOYD, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on July 27 and 28, 2006, for a detention hearing.  The defendant, Larry Lloyd, was present and represented by Brendan Conroy.  Assistant United States Attorney Tracie Brown appeared for the United States of America.

Pretrial Services submitted a report that recommended detention.  Proffers and arguments regarding detention were submitted by the parties at the hearing.  Because of a dispute over the proffer that defendant fled from the arresting officers, the court heard their testimony.

Having considered the parties' proffers, the Pretrial Services Report, the files and records in this matter, and the testimony of the arresting officers, I find that the

1

government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk and by clear and convincing evidence that the defendant is a danger to the community and that no conditions of release will reasonably assure his appearance or the safety of the community. In so finding, I have considered the following factors:

1.  Given the charge defendant faces, violation of 21 U.S.C. 841(a)(1), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has failed to dispel either presumption.

2. The defendant is charged with an offense that carries a mandatory 5 year minimum and a maximum term of 40 years imprisonment. This substantial sentence gives defendant an incentive to flee.

3.  Based on the testimony taken on July 28, 2006, I find that defendant fled from the officers when they attempted to arrest him and remained a fugitive for many months.

4.  Defendant's ties to the community are mixed. He does not have any continuing ties with his parents, but some of his siblings, along with his fiancé and her parents, continue to support him. His fiance's parents were present at the hearing and were willing to act as his sureties. He does not have a history of stable employment. He also does not have a stable residential history. Like Pretrial Services, the court is troubled by the inconsistencies between the information he provided and the information provided by his

1  fiancé, which are detailed in the report.

2      5.  The defendant has a prior criminal record that
3  includes one felony and two misdemeanor convictions, generally
4  related to drugs.  In passing the Bail Reform Act of 1984,
5  Congress was particularly concerned with the danger that drugs
6  pose to the community.

7      6.  While the least important factor, the evidence
8  against defendant is strong.  Though he is only charged with
9  one sale, law enforcement has conducted three separate
10 controlled purchases of crack cocaine from him, some of which
11 were recorded.

12     7.  The defendant has violated the terms of his
13 probation at least three times.  His denial that he fled to
14 avoid arrest also suggests he may not be candid with Pretrial
15 Services.  All this suggests that he is not amenable to
16 supervision.

17     8.  Defendant did not proffer any conditions of
18 release, nor have any occurred to the court, that would
19 reasonably assure the defendant will not continue to deal in
20 illegal narcotics or will appear before this court.

21     Therefore, **IT IS HEREBY ORDERED** that:

22     1.  The defendant be, and hereby is, committed to
23 the custody of the Attorney General for a confinement in a
24 corrections facility separate, to the extent practicable, from
25 persons awaiting or serving sentences or being held in custody
26 pending appeal;

27     2.  The defendant be afforded reasonable opportunity
28 for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: August 3, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Lloyd.wpd